IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.VI) | § § § | CONSOLIDATED UNDER MDL DOCKET NO. 875 |
| ROBERT THOMAS, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO: 08-CV-04997 |
| vs. | § § § | (U.S.D.C. MINNESOTA) |
| SOO LINE RAILROAD COMPANY, Individually and as successor-in-interest to the Chicago, Milwaukee, St. Paul & Pacific Railroad Company | § § § | CIVIL ACTION NO: 09-CV-67429 (U.S.D.C PENNSYLVANIA EASTERN) |
| Defendants | | JURY TRIAL DEMANDED |

PLAINTIFF ROBERT THOMAS'
SEVERED AND AMENDED COMPLAINT

NOW COME PLAINTIFF, ROBERT THOMAS, by and through his attorneys, and for his complaint against the Defendant, states:

1. That Plaintiff, ROBERT THOMAS, is a citizen and resident of the State of Iowa.

2. That at all times mentioned herein, and for some time prior thereto and thereafter, the Defendant, Soo Line Railroad Company, was engaged in the business of interstate commerce in and throughout the several states of the United States as a common carrier by railroad; and for the purposes thereof, maintains its principal place of business, its headquarters and places its agents, servants and employees throughout the State of Minnesota. Service of process may be had upon Defendant, Soo Line Railroad Company, by serving CT Corporation, 401 2nd Avenue South, Suite 454, Minneapolis, Minnesota 55401.

3. That prior to the commencement of this action, Defendant, SOO LINE RAILROAD COMPANY, became, generally, for the purpose of employer liability under the

Federal Employers' Liability Act, and specifically under the facts of this case, the successor to the liabilities of the former Chicago, Milwaukee, St. Paul and Pacific (hereinafter "CMS&P") Railroad Company; and did specifically execute a document known as the "Allocation Agreement" dated July 24, 1986, which provided that Soo Line would be responsible for the liabilities in future filed asbestos personal injury action accruing to former "Milwaukee Road" employees.

4. That during the course of Plaintiff's employment, the railroad Defendant was engaged in interstate commerce as a common carrier by rail, and all or part of the duties of Plaintiff was in furtherance of and did closely, directly and substantially affect interstate commerce; wherefore the rights and liabilities of the parties were and are governed by the Federal Employers' Liability Act, 45 U.S.C., Section 51 *et seq.*, which Act grants this Court jurisdiction over this action.

5. That beginning in 1947 for Plaintiff ROBERT THOMAS, the Plaintiff was engaged in the performance of his duties in furtherance of interstate commerce and were required to work with and around asbestos-containing products in the Defendant's various equipment, terminals, engines and facilities throughout the States of Iowa and Minnesota.

6. That during the course of Plaintiff's employment with the Defendant railroad Plaintiff was engaged in the course of his employment as operating/train service employee and in other various roles and assignments where they were required and caused to work with and in the vicinity of toxic substances, including asbestos and asbestos-containing products and materials. These exposures caused the Plaintiff to contract significant and permanent injury to their respective persons, to-wit: asbestos-related lung disease which was diagnosed and discovered less than three years prior to the commencement of this civil action and within the time frame required by 45 U.S.C. § 56.

7. That at all times relevant, the Plaintiff was unaware of the dangerous propensities of asbestos and asbestos-containing products he was required to work with and around and was unaware of the development of his latent abnormal medical conditions.

## FIRST CAUSE OF ACTION

8. Plaintiff re-alleges Paragraphs 1-7 as if restated here verbatim.

9. That the railroad Defendant, by and through its duly authorized agents, servants and employees, was then and there guilty of one or more of the following negligent acts or omissions in violation of the Federal Employers' Liability Act:

(a) in failing to provide Plaintiff with a reasonably safe place within which to work;

(b) in failing to furnish Plaintiff with safe and suitable tools and equipment, including adequate protective masks and/or protective inhalation devices;

(c) in failing to warn Plaintiff of the true nature and hazardous effects of the asbestos-related and other hazardous materials;

(d) in failing to operate locomotives and locomotive repair facilities in a safe and reasonable manner;

(e) in failing to provide instructions or a method for the safe use of asbestos;

(f) in failing to provide adequate, if any, instructions in the use or removal of old asbestos products;

(g) in failing to test asbestos-containing products prior to requiring employees to work with the same, to determine their ultra-hazardous nature;

(h) in formulating and using a method of handling asbestos and asbestos-related materials exposing Plaintiff to high concentrations of asbestos fibers;

(i) in failing to provide Plaintiff with safe and proper ventilation systems in the Plaintiff's workplace;

(j) in allowing unsafe practices to become the standard practice;

(k) in failing to exercise reasonable care in publishing and enforcing a safety plan and method of handling and installing said asbestos and asbestos insulation materials and other asbestos-containing products;

(l) in failing to inquire of the suppliers of asbestos-containing products, the hazardous nature of asbestos;

(m) in requiring employees to work with an ultra-hazardous product;

(n) in failing to exercise adequate, if any, care for the health and safety of employees, including the Plaintiff;

(o) in failing to periodically test and examine the Plaintiff to determine if he was subject to any ill effects of their exposure to asbestos-related products and other hazardous substances;

(p) in failing to periodically inspect its locomotives, boilers, and their appurtenances in order to ascertain any contamination by asbestos fibers;

(q) in allowing excessive fumes from aerosol, dust, chemicals and exhaust fumes to remain in the work area;

(r) in failing to provide any or adequate warning to the Plaintiff of the exposure to the carcinogen asbestos at any time, including the time of filing.

10. That as a direct and proximate result, in whole or in part, of one or more of the foregoing negligent acts or omissions on the part of the railroad Defendant, the Plaintiff suffered exposure to toxic substances including asbestos and asbestos-containing materials which caused them to sustain severe injury to their respective bodies and respiratory systems, which will likely

result in impairment in the future, and which cannot be effectively cured by conservative medical procedures or medications.

11. That, as a result, Plaintiff's enjoyment of life, enjoyment of retirement and earning capacity have been greatly impaired and shortened; and further, that Plaintiff's expected life span is greatly shortened. Plaintiff further alleges that as a result of his health problems, he has been and will in the future be forced to incur medical expenses by way of doctor, hospital and drug bills expended in an effort to diagnose and monitor his permanent, progressive asbestos-related illnesses and potential complications resulting therefrom.

12. That Plaintiff was a strong and able-bodied man and was gainfully employed prior to the manifestation of his illness. As a result of his illness, he has suffered damages by way of lost retirement, earning capacity, fear of future cancer and/or progressive asbestosis, and by way of his diminished ability to render services, society, affection, counseling and support to his household and family.

## SECOND CAUSE OF ACTION

13. Plaintiffs reallege Paragraphs 1-12 as if stated here verbatim.

14. That throughout their employment with the Defendants, Plaintiff was required to work on or about locomotives, boilers and their appurtenances, and was engaged in the performance of his duties at the time he was exposed to asbestos and asbestos-containing materials and other toxic substances.

15. That at said time and subsequent thereto, the railroad defendant was engaged in interstate commerce as a common carrier by rail, by reason whereof the rights and liabilities of the parties were and are governed by the Act of Congress known as the Locomotive Boiler Inspection Act, 45 U.S.C. Section 22-34.

16. That the Defendant by and through its agents, servants and employees, violated the Locomotive Boiler Inspection Act, in that it failed to provide Plaintiff with a locomotive and its appurtenances which were in a proper and safe condition, and safe to work on or about, by committing one or more of the acts or omissions hereinbefore alleged in Paragraph 9 of Plaintiff's Amended Complaint.

17. That as a direct and proximate result, in whole or in part, of one or more of the above and foregoing acts or omissions on the part of the railroad defendants, Plaintiff was forced to work on or about defective and unsafe locomotives, locomotive boilers and their appurtenances, while said equipment was in use on the line of the defendants railroad, all of which resulted in his injury, impairment, disability and damages as hereinbefore described.

WHEREFORE, Plaintiff demands judgment against the defendant, for money damages for the injuries suffered as herein alleged, in an amount to be determined by the trier of fact; together with applicable interest, costs and all other relief permitted by law.

PLAINTIFF DEMANDS A TRIAL BY JURY.

Respectfully submitted,

_____
JOHN D. ROVEN
ROVEN-KAPLAN, LLP
2190 North Loop West, Suite 410
Houston, Texas 77018
(713) 465-8522
(713) 465-3658 (Fax)

MARK J. FELLMAN
213 East Fourth Street
Suite 200
St. Paul, Minnesota 55101
(651) 225-5600
(651) 225-5656 (Fax)

ATTORNEYS FOR PLAINTIFFS